UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN TOMMY BOTTOM,

           Petitioner,           Case No. 1:12-cv-1292

v.                                      Honorable Paul L. Maloney

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY et al.,

           Respondents.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES[1]; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the action is not properly brought under § 2241.

---

[1] The Rules Governing § 2254 Cases also apply to petitions filed under § 2241. *See* Rule 1(b), RULES GOVERNING § 2254 CASES.

**Factual Allegations**

Petitioner is incarcerated by the Michigan Department of Corrections (MDOC) at the Ionia Maximum Correctional Facility. Petitioner is serving a prison sentence of one year and six months to five years imposed by the Washtenaw County Circuit Court on February 25, 2010, after Petitioner pleaded guilty to third-degree fleeing and eluding, Mich. Comp. Laws § 257.602a(3)(a). In his application for habeas corpus relief, Petitioner names the following Respondents: United States Department of Homeland Security (identified as "Homeland Security"), Governor Rick Snyder, MDOC Director Daniel Heyns, Warden (unknown) Stoddard, STG Coordinator Brent Travelbee, and Captain K. McConnell.

Petitioner's application concerns his designation as a Security Threat Group (STG) member on January 24, 2012. Under MDOC Policy Directive 04.04.113 (eff. 11/01/10), prisoners designated as STG I or STG II members are subject to numerous restrictions on their activities, as well as more limited contact with visitors and other prisoners. *See id.* at ¶¶ X-Z. A prisoner may grieve an STG designation. *See id.* at ¶ AA. In addition, a prisoner may request removal of the designation by renouncing membership in the STG and completing the Security Threat Group Renunciation/Removal form. *Id.* at ¶ BB.

Petitioner asserts that, as a result of his STG designation: his security level was increased from level II to maximum security; he is excluded from dorm or community placement; he is being denied participation in rehabilitative programming; he receives a shakedown of his cell every two days; and he was denied parole on November 2, 2012.

Petitioner contends that he was designated an STG member without being afforded due process of law. He also asserts a variety of other constitutional violations resulting from the

restrictions imposed upon him as an STG member, including his First Amendment rights to freedom of speech, freedom of association, the practice of his religion, as well as his Fourteenth Amendment rights to equal protection and to access the courts. As relief, Petitioner seeks removal of the STG designation and a declaratory judgment that the MDOC's STG policy is unconstitutional.

## Discussion

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner complains about his STG designation and its consequences, including his security classification and reduced privileges. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate may, however, bring such claims under 42 U.S.C. § 1983. *Id.* (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)).

Petitioner's contention that he was denied parole as a consequence of the STG designation implicates the duration of his confinement, but that consequence does not, by itself, make § 2241 the appropriate vehicle for Petitioner's claims. A claim challenging a denial of parole would be cognizable in a habeas action. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). However, Petitioner does not challenge the parole board's decision or claim that he is entitled to release. Instead, he challenges his STG designation, the STG policy, and their effects on his conditions of confinement. Therefore, his claims are more properly raised in a § 1983 action; they "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). Where, as here, claims about the conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714. Accordingly, the Court will dismiss Petitioner's claims without prejudice.

Because Petitioner's action is subject to dismissal, his motion for issuance of an order requiring Respondents to respond to his application (docket #2) will be denied as moot.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a cognizable federal habeas claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the

certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   February 6, 2013                              /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge